UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEO SYNORACKI, on behalf of himself
and all others similarly situated,

          Plaintiff-Appellant,

  v.

ALASKA AIRLINES, INC., an Alaska
corporation; et al.,

          Defendants-Appellees.

No.    22-35504

D.C. No. 2:18-cv-01784-RSL
Western District of Washington,
Seattle

ORDER

Before:  TASHIMA, CALLAHAN, and KOH, Circuit Judges.

The Memorandum Disposition filed on August 22, 2024, is withdrawn and replaced with a new Memorandum Disposition filed concurrently with this order. With this order, the panel unanimously votes to deny the petition for panel rehearing.  The petition for rehearing is **DENIED**.

Future petitions for rehearing will be permitted under the usual deadlines outlined in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LEO SYNORACKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ALASKA AIRLINES, INC., an Alaska corporation; et al.,<br><br>Defendants-Appellees. | No. 22-35504<br><br>D.C. No. 2:18-cv-01784-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 16, 2024[**]
San Francisco, California

Before: TASHIMA, CALLAHAN, and KOH, Circuit Judges.

Plaintiff Leo Synoracki ("Plaintiff") appeals the district court's order

granting summary judgment in favor of Alaska Airlines, Inc. ("Alaska"). Plaintiff

is a retired pilot and former Alaska employee who took military leaves of absence

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

while employed with the airline. Plaintiff's complaint claims that Alaska violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), which entitles employees on military leave to the same non-seniority benefits provided to other employees on comparable non-military related leaves of absence. 38 U.S.C. § 4316(b)(1)(B).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *Rodriguez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001), we vacate in part and remand.

1. Alaska asserts that Plaintiff has no Article III standing to bring his sick leave claim because he lacks an injury in fact. We disagree.

To establish Article III standing, a plaintiff must show: "(1) that [they have] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury can be redressed by a favorable decision." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir.

---

[1] Plaintiff's complaint also claims that Alaska violated 38 U.S.C. § 4316(a), the section of USERRA that entitles employees on military leave to the same seniority benefits the employees would have attained if they had remained continuously employed. At summary judgment, the district court rejected those seniority benefits claims, and Plaintiff does not appeal that aspect of the district court's decision.

2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)). Although Alaska did not raise the issue of standing in the district court, "because it implicates jurisdiction, a challenge to constitutional standing is one 'which we are required to consider, even though raised for the first time on appeal.'" *Id.* (quoting *Newdow v. U.S. Congress*, 313 F.3d 500, 503 (9th Cir. 2002)). "When a party raises standing for the first time on appeal, we first examine the complaint and, if it fails to establish standing, the record." *Id.* (citing *Animal Prot. Inst. of Am. v. Hodel*, 860 F.2d 920, 924 n.6 (9th Cir. 1988)). This is because the party opposing summary judgment is obligated to present evidence in response only to those issues raised in the motion. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.").

Plaintiff's complaint alleges that because employees who take paid sick leave and jury duty leave (i.e., non-military leaves of absence) are afforded the benefit of paid sick time accrual and vacation time accrual, Alaska pilots on military leave should have also been given the same benefits under USERRA. Plaintiff's allegation that he did not receive the benefits to which he was entitled under USERRA is sufficient to allege an injury in fact. Plaintiff maintains "a personal stake in the outcome of the controversy as to warrant [his] invocation of

3

federal-court jurisdiction." *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The complaint thus adequately alleges that Plaintiff has Article III standing to bring his sick leave claim.[2]

2. After the district court's decision but before briefing in this case, we decided *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424 (9th Cir. 2023) (holding that when assessing USERRA violations, comparability of the military leave taken by the servicemember and other paid leave offered by the employer is to be determined by examining the length of the leave at issue, rather than by using a categorical approach). Because the allegations and issues in *Clarkson* are similar to those here, and because the district court did not have the benefit of *Clarkson* when reaching its decision, we vacate the district court's order as to Plaintiff's non-seniority benefits claims and remand such claims for the district court's reconsideration under *Clarkson*. On remand, the district court may consider certifying a narrower, temporally limited class. *See Clarkson*, 59 F.4th at 433 ("The plaintiff, as master of the complaint, can limit the request for recovery of benefits to specific, shorter military leaves.").

---

[2] We express no view on whether plaintiff will be able to prove standing in a manner sufficient to survive summary judgment on remand.

**VACATED IN PART and REMANDED.**[3]

---

[3] The parties shall bear their own costs on appeal.